■ S. J. GROVES & SONS COMPANY, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 38800.) — Judgment unanimously modified on the law and facts by reducing the amount thereto to the sum of $11,103 with interest and, as modified, affirmed, without costs of this appeal to either party. Memorandum: The trial court erred in awarding the sums of $20,910 and $6,630, respectively, under item 7 of the two contracts upon which the claims herein are in part based. The appropriate specification provided in part that "The quantity to be paid for will be the number of linear feet measured along the axis of the road where the work is actually performed". If there had been any confusion in the mind of claimant (an experienced contractor) as to the method

to be used in measuring for the performance of this work it could have been resolved before submitting bids. When the State's estimates of the amount of trimming work, as set forth in the bid proposals (93, 375 and 22,100 feet respectively), are compared with the miles of road to be constructed (18.33 and 4.33 miles respectively) reduced to feet (96,782 and 22,862 feet respectively) it becomes apparent that the work was to be measured "along the axis of the road." The trial court agreed with the position of claimant that the measured distance should be increased on both contracts an additional 34,850 and 10,200 lineal feet, respectively, because the construction involved multiple lane roads separated by a mall. The contract provision, however, in the light of the pertinent facts, must be construed as requiring the measurement for the trimming work to be along the center of the highway without regard to the number of lanes or roads on either side thereof. The compensation for the increased amount of trimming should have been reflected in the unit price. Moreover, it is reasonably clear from the testimony of claimant's employee, Kohnke, that the divergence in views as to the method of measuring was apparent before the bid was submitted but no action was taken to clarify the issue until months later. The trial court further erred in allowing interest on the final payment moneys tendered to claimant and refused. The contract provision herein is identical with the one considered in *Wood* v. *State of New York* (12 N Y 2d 25, 29) where it was said: "Finally, the State tendered to claimant the amount due under the contract. Therefore, by the terms of the contract, claimant is not entitled to interest on the tendered amount." The holding therein has been discussed by this court (*Byrne Constr. Co.* v. *New York State Thruway Auth.*, 19 A D 2d 192, 193, mot. for lv. to app. den. 13 N Y 2d 598) but it is binding on us until modified. (Appeal from a judgment of the Court of Claims for claimant in a breach of contract action.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.